IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KRISTIN BAUSCH,

                    Petitioner,

v.                                            OPINION and ORDER

KALVIN BARRETT,                             23-cv-746-jdp

                    Respondent.

Kristin Bausch, appearing pro se, was detained at the Dane County Jail after the judge in a state family court case found her in contempt and issued a bench warrant. *See In re Bausch*, Dane County Case No. 2021FA822. Bausch responded by filing a petition for writ of habeas corpus in this court. Dkt. 1.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this pro se petition, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I will dismiss Bausch's petition for two reasons. First, she is no longer in custody. The original petition was filed under the signature of Paul Lamar Hunter, who states that he is a

---

[1] Although Bausch styles her petition as one under 28 U.S.C. § 2254, she is not in custody under a state-court judgment and so her petition likely is instead governed by 28 U.S.C. § 2241, the general habeas statute. *See Leonard v. Vandehey*, No. 08-cv-109-bbc, 2008 WL 4079236, at *1 (W.D. Wis. Feb. 28, 2008). Nonetheless, the § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases. And the outcome of this case is the same regardless which provision applies.

friend of Bausch's. Dkt. 1, at 12. The clerk of court sent the petition to Bausch for her signature, and she has now signed the petition. Dkt. 3. But in the meantime she informs the court that she is no longer in custody, so there doesn't appear to be any relief that this court can provide.

Second, even if Bausch were still in custody, absent exceptional circumstances a federal court must abstain from interfering with ongoing state-court proceedings that are judicial in nature, involve important state interests, and provide an adequate opportunity to raise the federal claims. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Courts generally require a habeas petitioner to exhaust all avenues of state relief before seeking a writ in federal court. *United States v. Castor*, 937 F.2d 293, 296–297 (7th Cir. 1991). Bausch would have to first litigate her challenge in the state circuit court and, if necessary, the court of appeals and Wisconsin Supreme Court. Bausch appears to have at least started that process by filing a habeas petition directly in the state circuit court (that petition is attached to the petition filed in this court, *see* Dkt. 1-1).Wisconsin's electronic state court records[2] are not detailed enough to tell whether or how the circuit court ruled on that petition. But even if the court had ruled against Bausch, her next step would be an appeal in state court, not this federal habeas petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).

---

[2] Available at https://wcca.wicourts.gov.

2

This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Bausch a certificate of appealability. Bausch may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Kristin Bausch's petition for a writ of habeas corpus is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. She may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered November 14, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge